IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK MARKO, | |
| Plaintiff, | Case No.: 1:25-cv-06526 |
| v. | **Judge John Robert Blakey** |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | **Magistrate Judge Young B. Kim** |
| Defendant. | |

## AMENDED COMPLAINT

Plaintiff, MARK MARKO ("Marko" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of LIU Clothes Store identified as Defendant No. 1 on Amended Schedule A attached hereto (the "Defendant"), and for Plaintiff's Amended Complaint hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet store operating under the Defendant alias and/or the online marketplace account identified in Amended Schedule A attached hereto (the "Defendant Internet Store"). Venue is proper in any district in which Defendant resides or may be found which includes any district in which they would be subject to personal jurisdiction. See 28 U.S.C. § 1391(b)(3). On information and belief,

Defendant is not a resident of the United States, which means that they may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## INTRODUCTION

3. Plaintiff, Mark Marko, is the owner of the federal copyright registrations that protect the creative content of Plaintiff's photographs. Marko is a photographer and designer. He started making pottery with his wife under the name "Leily Cloud," which quickly developed into a family business. They created a variety of ceramic mushroom products. Plaintiff carefully considers angles, lighting, and placement of the various objects to take photographs to showcase and market his family business's products.

4. This action has been filed by Plaintiff to combat an online copyright infringer who has reproduced and displayed Plaintiff's copyrighted photographs without authorization. Defendant trades upon Plaintiff's reputation, goodwill, and valuable copyrights by selling and/or offering for sale products using Plaintiff's photographs in its online listings.

5. Plaintiff is the owner of United States Copyright Registration Nos. VA 2-335-575 and VA 2-365-322 (the "Mark Marko Works") and the registrations are attached hereto as **Exhibit 1**. Upon information and belief, the copyright has an effective date that predates the Defendant's acts of copyright infringement.

6. Defendant is an individual or business entity who, upon information and belief, resides in a foreign jurisdiction. Defendant operates at least one Defendant Internet Store and used the Mark Marko Works without authorization to make illegal profit. Defendant conducts business in the United States and has offered for sale and sold products to United States consumers, including in Illinois and this judicial district.

7.      Plaintiff is forced to file this action to combat Defendant's piracy of the Mark Marko Works. Plaintiff has been irreparably damaged by Defendant's infringement and seeks injunctive and monetary relief

## THE PLAINTIFF

8.      Plaintiff, Mark Marko, is the owner of the Copyright Registrations that protect the creative content of the Mark Marko Works. Plaintiff is a photographer and designer. Plaintiff created a variety of ceramic mushroom products with his wife, Aksana Marko. They started making pottery several years ago under the name "Leily Cloud," which quickly developed into a family business. For the photographs at issue, Plaintiff carefully considers angles, lighting, and placement of the various objects to take photographs to showcase and market his family business's products.



https://leilycloud.com/collections/all?sort_by=best-selling

9.      Plaintiff is the owner of the United States Copyright Registrations that cover the Mark Marko Works. The Registrations are valid, subsisting, and in full force and effect. True and correct copies of the registration certificates are attached hereto as **Exhibit 2**.

3

10. Marko has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in products advertised and marketed using the Mark Marko Works.

11. As a result of Plaintiff's efforts, the quality of authorized products marketed with the Mark Marko Works, the promotional efforts for products and designs that are authorized to use the Mark Marko Works, press and media coverage, and social media coverage, members of the public have become familiar with the Mark Marko Works and associate them exclusively with Plaintiff.

12. Marko has made efforts to protect Plaintiff's interests in and to the Mark Marko Works. No one other than Marko and his family business is authorized to reproduce, display, advertise, create derivative works, offer for sale, or sell any goods utilizing, advertising, marketing, featuring, or otherwise using the Mark Marko Works without the express written permission of Plaintiff.

## THE DEFENDANT AND THE DEFENDANT'S UNLAWFUL CONDUCT

13. Defendant is an individual and/or business entity who, upon information and belief, resides in the People's Republic of China or another foreign jurisdiction. Defendant conducts business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive online marketplace operating under the Defendant Internet Store. Defendant targets the United States, including Illinois and has copied and displayed and, on information and belief, continues to copy and display without authorization the photographs protected by the Mark Marko Works to consumers within the United States, including Illinois and in this judicial district.

## COUNT I
## COPYRIGHT INFRINGEMENT

14. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Amended Complaint.

15. The Mark Marko Works are original works and are copyrightable subject matter under 17 U.S.C. § 101 et seq.

16. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, including but not limited to the Mark Marko Works, including derivative works. The Mark Marko Works are the subject of valid Copyright Registration Certificates issued by the Register of Copyrights. (**Exhibit 2**).

17. Defendant had access to the Mark Marko Works via the internet, where the design appears on Plaintiff's authorized website.

18. Defendant's product listing reproduce the Mark Marko Works or are derived from the Mark Marko Work:



5

19. Defendant, without the permission or consent of Plaintiff, has reproduced and displayed pirated photographs and derivative works of the copyrighted Mark Marko Works. Defendant has violated at least Plaintiff's exclusive rights of reproduction and display. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

20. Defendant's actions constitute willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501(a).

21. Defendant reaps the benefits of its unauthorized copying in the form of revenue and other profits from the sale of products using Plaintiff's photographs in its online listings.

22. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

23. Pursuant to 17 U.S.C. §502, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be permanently enjoined and restrained from:

   a. Using, copying, and displaying the Mark Marko Works or any reproductions, copies, or colorable imitations thereof in any manner;

   b. further infringing the Mark Marko Works and damaging Plaintiff's goodwill; and

    d. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store, or any other online marketplace account that is being used to make unauthorized copies or reproductions or being used to display without authorization any photograph or image that is derived from Plaintiff's copyrights in the Mark Marko Works;

2) For Judgment in favor of Plaintiff against Defendant that it has: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Amended Complaint;

3) For Judgment in favor of Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

    4) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

    5) Award any and all other relief that this Court deems just and proper.

DATED: June 13, 2025

Respectfully submitted,
*/s/ Keith A. Vogt*
Keith A. Vogt (Bar No. 6207971)
Keith Vogt, Ltd.
33 West Jackson Boulevard, #2W
Chicago, Illinois 60604
Telephone: 312-971-6752
E-mail: keith@vogtip.com

**ATTORNEY FOR PLAINTIFF**